541 F.2d 463
 In re UNITED STATES of America for Use and Benefit of ST.
PAUL A. M. E. CHURCH HOUSING CORPORATION, a non-profit
corporation, and St. Paul A. M. E. Church Housing
Corporation, a non-profit corporation, Plaintiffs.
BUCKEYE UNION INSURANCE COMPANY, a corporation, Appellee,
v.
Fred M. WILMOTH, an Individual, and Francis H. Wilmoth, an
Individual, Appellants.
 No. 76-1001.
 United States Court of Appeals,
Fourth Circuit.
 Argued June 9, 1976.
Decided Sept. 24, 1976.
 
 Orville L. Hardman, Parkersburg, W. Va., for appellants.
 John R. Hoblitzell (George S. Sharp, Charleston, W. Va., on brief), for appellee.
 Before BRYAN, Senior Circuit Judge, WINTER, Circuit Judge, and KUNZIG,* Judge.
 PER CURIAM:
 
 
 1
 At the instance of Buckeye Union Insurance Co. (Buckeye), which wrote a bond guaranteeing the performance of a construction contract by Theodore Morlang, the district court gave judgment against three indemnitors requiring them to post $1,000,000 to protect Buckeye in defending a suit on the bond. If the indemnitors were unable to post the full sum, the district court required them to post as much as they were presently able and to show cause as to the reasons for the deficiency.
 
 
 2
 Two of the indemnitors appeal, and we reverse.
 
 I.
 
 3
 At the outset, we consider our jurisdiction to hear and decide this appeal.
 
 
 4
 The district court's order was entered prior to final adjudication of the rights of the many parties to this litigation, and no certification under Rule 54(b), F.R.Civ.P., has been made. Buckeye thus contends that the order is not appealable under 28 U.S.C. § 1291. We disagree. An order requiring or refusing to require the posting of security during the pendency of the litigation is "collateral" and is appealable under the doctrine of Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). See 9 Moore's Federal Practice P 110.13(5).
 
 II.
 
 5
 The indemnity agreement upon which Buckeye's claim is predicated provides, in pertinent part:
 
 
 6
 (T)he Company shall have the right . . . (t)o adjust, settle or compromise any claim . . . unless the (indemnitors) shall request the Company to litigate such claim . . . and shall deposit with the Company, at the time of such request, cash or collateral satisfactory to it . . . .
 
 
 7
 It is undisputed that a claim against Morlang and Buckeye has been made, and that Morlang has requested Buckeye to defend. The indemnitors have not posted satisfactory collateral. Buckeye argues, and the district court agreed, that once a request to defend has been made, the indemnitors are contractually obligated to post security. This we deem an incorrect reading of the provision quoted above.
 
 
 8
 The agreement gives Buckeye the right to settle or compromise a claim unless two conditions are met: (1) the indemnitors must request that Buckeye defend; and (2) the indemnitors must accompany their request with satisfactory collateral. The agreement does not say, "If the indemnitors shall request the Company to defend any claim they shall then post satisfactory collateral"; it says, "If the indemnitors shall request the Company to defend any claim and accompany the request with satisfactory collateral, the Company shall be obligated to defend the claim." Clearly, until both conditions are met, Buckeye remains free "to adjust, settle or compromise any claim," limited only by whatever legally-imposed duty of good faith may exist.
 
 
 9
 Thus, the mere making of a request to Buckeye that it defend the claim does not obligate the indemnitors to post security, although if they do not they must accept as a consequence Buckeye's right to settle the claim in a manner which may not be to their liking. Buckeye's remedy, if satisfactory collateral is not forthcoming, is not a court order directing that collateral be deposited; rather, its relief inheres in its contractual right to disregard Morlang's request that it defend the claim, and proceed to dispose of the claim as it sees fit, as if Morlang's request had not been made.
 
 
 10
 REVERSED.
 
 
 
 *
 Honorable Robert L. Kunzig, Judge, United States Court of Claims, sitting by designation